**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

**ADMINISTRATIVE PROCEDURES**

**GOVERNING FILING AND SERVICE BY ELECTRONIC MEANS**

*revised January 1, 2018*

## I.   THE ELECTRONIC FILING SYSTEM

**A. IN GENERAL**   Unless otherwise permitted by these administrative procedures or unless otherwise authorized by the assigned judge, all documents submitted for filing in this district after **January 1, 2006**, no matter when a case was originally filed, shall be filed electronically using the Electronic Filing System ("System").

1. Parties proceeding pro se shall not file electronically.

2. The filing of Social Security cases shall be subject to the limitations imposed in Section VI of these procedures.

3. Juvenile criminal matters shall not be filed electronically unless, after hearing the Court rules that the juvenile shall be tried as an adult.

4. For good cause shown, an attorney may apply to the assigned judge for permission to file documents conventionally. Such permission, if granted, will be granted only with respect to a particular case. Even if the assigned judge initially grants an attorney permission to file documents conventionally, however, the assigned judge may withdraw that permission at any time during the pendency of a case and require the attorney to file documents electronically using the System.

5. The Clerk's Office or any judge of this Court may deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the Court. The Court may also amend these procedures at any time without prior notice.

6. Rule 6 of the Federal Rules of Civil Procedure shall govern the computation of time under these procedures.

## B.     ATTORNEY REGISTRATION

1.     Attorneys admitted to the bar of this court, including special appearance attorneys, must complete and submit an Online Attorney Registration Form. The form is available on the Court's web site at www.ncwd.uscourts.gov/ecf.

2.     After the attorney electronically submits the Online Attorney Registration Form to the Clerk's Office, an Internet e-mail message will be sent to the attorney with instructions on how to complete the registration process.

3.     The Clerk's Office will verify the registration within two business days. After the Clerk's Office has verified the registration, the Clerk's Office will send the attorney an Internet e-mail message with the attorney's log-in name and password. ***The attorney should log in to the System and change his or her password immediately on receipt of his or her log-in name and password.***

4.     Once registered, an attorney may withdraw from participating in the System by providing the Clerk's Office with notice of withdrawal. Such notice must be in writing, and mailed or delivered to United States District Court for the Western District of North Carolina, 401 West Trade Street, Suite 210, Charlotte, North Carolina 28202. ***Upon receipt, the Clerk's Office will immediately cancel the attorney's password and delete the attorney's name from any applicable electronic service list. An attorney's withdrawal from participation in the System shall not be construed as authorization to file cases or documents conventionally.***

5.     After registering, attorneys may change their passwords at any time. If an attorney comes to believe that the security of an existing password has been compromised and that a threat to the System exists, the attorney must immediately change his or her password and contact the Clerk's Office by telephone.

6.     An attorney whose e-mail address, mailing address, telephone or fax number has changed from that of the original Online Attorney Registration Form shall (i) edit his or her information in the System, and (ii) timely file a notice of such change and serve a copy of the notice on all other parties.

## C.  PASSWORDS

Each attorney shall be entitled to one System log-in name and password from the District Court. The log-in name and password permit the attorney to participate in the electronic retrieval and filing of pleadings and other documents

1.      No attorney shall knowingly permit or cause to permit his or her log-in name and password to be utilized by anyone other than an authorized employee of his or her office.

2.      Once registered, the attorney shall be responsible for all documents filed with his or her log-in name and password.

3.      Registration for a log-in name and password is governed by I(B) of these procedures.

4.      An attorney admitted pro hac vice must register for a log-in name and password in accordance with these administrative procedures.

## D.      PRO SE REGISTRATION

1.      Although parties proceeding pro se shall not file electronically, parties proceeding pro se may request in writing - solely for the purpose of the action - to receive notice via e-mail whenever a pleading or other paper is filed electronically in accordance with these procedures.  Following the update to the pro se litigant's record an NEF will be generated to notify parties.

2.      A party proceeding pro se may withdraw from receiving notice via email by providing the Clerk's Office with notice of withdrawal.  Such notice must be in writing, and mailed or delivered to the United States District Court for the Western District of North Carolina, 401 West Trade Street, Suite 210, Charlotte, North Carolina 28202. Upon receipt, the Clerk's Office will immediately delete the party's name from any applicable electronic service list.

3.      A pro se party whose e-mail address, mailing address, telephone or fax number has changed shall notify the Clerk of a change of address and serve a copy of the notice on all other parties.

4.      If during the course of the action, the pro se party retains an attorney who appears on the pro se party's behalf, the attorney must advise the Clerk's Office to terminate the pro se party's e-mail notification upon the attorney's appearance.

## II.    ELECTRONIC FILING AND SERVICE OF DOCUMENTS

### A.    FILING

1. All motions, pleadings, applications, briefs, memoranda of law, or other documents in a case shall be electronically filed on the System except as otherwise provided by these administrative procedures. All documents shall be in a PDF text-searchable format.

    a. A document shall not be considered filed for purpose of the Federal Rules of Civil Procedure until the filing party receives a system-generated "Notice of Electronic Filing" described in II(B)1 of these procedures. ***E-mailing a document to the Clerk's Office or to the assigned judge shall not constitute "filing" of the document.*** (See **Section II.H.2.b** for guidance on filing during technical failures)

### 2.    Complaints in a Civil Case

    a.    The Clerk's Office will not accept complaints sent by e-mail, United States Mail, or delivered in person to the Clerk's Office except by pro se parties.

        1.    Complaints shall be filed electronically using unassigned case opening and paying the fee through secure electronic means.  If proceeding *in forma pauperis* the complaint must be accompanied by a Motion to Proceed *in Forma Pauperis*.

        2.    If the complaint is submitted in paper form, the Clerk's Office will scan the complaint, upload the document into the System.  The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of the record.

    b.    A party may not electronically serve a complaint, but instead must effect service according to Federal Rules of Civil Procedure 4.

### 3.    Summonses in a Civil Case

    a.    Counsel should create the civil summons in PDF format for each named defendant using the form AO440 located on the Court's forms webpage under Civil Forms − Administrative

Office (local). The summons should be submitted via CM/ECF - CyberClerk - Submit Document to the court. The summons can be submitted either separately or as one PDF document for each named defendant, however, each summons must be completed with both pages of the AO440 form per named defendant. Failure to submit both pages per defendant will result in the Clerk's Office requesting that the form be resubmitted in its entirety. Counsel will receive a notice of electronic filing (NEF) of the summons when it is entered on the court's docket. Use the NEF hyperlink to retrieve the issued form to effect service of process.

b.  In the event a Waiver of Service is requested it shall be electronically filed as a separate document.

c.  A party may not electronically serve a summons, but instead must perfect service according to Federal Rule of Civil Procedure 4.

## 4.  Notices of Removal in a Civil Case

a. Notices of removal shall be filed in accordance with the procedures in II(A)2.

## 5.  Charging Documents in a Criminal Case

a. All charging documents, e.g. the complaint, information and/or indictment, shall be filed conventionally, i.e. in paper form. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of the record.

i.  If a criminal complaint is filed, the Clerk's Office will scan criminal complaint, upload it to the System, and retain the paper document.

ii.  If an indictment is filed, the Clerk's Office will redact the name of the grand jury foreperson, scan the indictment, upload it to the System, and retain the paper document.

iii.  If any other charging document is filed, the Clerk's Office will scan the charging document, upload it to the System, and retain the paper document.

6. **Plea-Related Documents in a Criminal Case**

All plea agreements and factual resumes shall be filed electronically by the United States Attorney. The documents should be scanned and uploaded to the system. The United States Attorney shall retain the original documents for future production, if necessary, for two years after the expiration of the time for filing a timely appeal of the final judgment or order, or after receipt by the Clerk of Court of an order terminating the action on appeal. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of the record.

7. **Filing Deadlines**

Filing a document electronically does not alter the filing deadline for that document. A document will be deemed timely filed on a particular day if filed prior to midnight Eastern Time. If the time of day is of the essence, however, the judge will order that document filed by a time certain.

8. **Document Requiring Leave of Court to File**

If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket.

9. **Attachments and Exhibits**

Attachments and exhibits larger than 50 megabytes may be filed electronically in separate fifty-megabyte segments unless electronic filing is impractical as set out in III(B) and IV(B) of this Order.

10. **Official Court Record**

The Clerk's Office shall not maintain a paper court file in any case begun after the effective date of these procedures except as otherwise provided in these procedures. The official court record shall be the electronic file maintained on the Court's servers. The official record shall include, however any conventional documents or exhibits filed or maintained in accordance with these procedures. The procedure for retention, storage and disposition of any conventional documents and exhibits is outlined in the Court's Document Disposition Plan **(Appendix I)**.

**11. Sealed Documents**

A document subject to an existing sealing order or sealing statute shall be filed electronically under seal pursuant to LcvR 6.1 and LcrR 55.1 and this Order. Documents ordered sealed by the court or otherwise required to be sealed by statute shall be marked as such within the document caption and include a notation that the document is being filed under court seal along with the entry date of the sealing order. A motion to file any document under seal shall be filed electronically, unless prohibited by law. The document for which sealing is sought may be submitted for in camera review prior to filing via Cyberclerk.

An order of the court granting a motion to seal shall not itself be sealed, unless prohibited by law or unless the court finds that electronic filing of the order without seal would be inappropriate.

**B. SERVICE**

1. Whenever a pleading or other paper is filed electronically in accordance with these procedures, the System will generate a "Notice of Electronic Filing" to the filing party and any other party who is a registered user and has requested electronic notice in that case.

2. If the recipient is a registered participant in the System, the System's e-mailing of the "Notice of Electronic Filing" shall be the equivalent of service of the pleading or other paper by first class mail, postage prepaid.

3. A certificate of service on all parties entitled to service or notice is still required when a party files a document electronically.

4. A party who is not a registered participant of the System is entitled to a paper copy of any electronically-filed pleading, document or order. The filing party must therefore provide the non-registered party with the pleading, document, or order according to the Federal Rules of Civil Procedure. When mailing paper copies of documents that have been electronically filed, the filing party may include the "Notice of Electronic Filing" to provide the recipient with proof of the filing.

5. The three-day rule of Federal Rule of Civil Procedure 6(d) for service by mail shall also apply to service by electronic means.

## C.  SIGNATURES

### 1.  Non-Attorney Signature, Generally

If the original document requires the signature of a non-attorney, e.g., an affidavit, the filing party shall scan the original document in PDF format, then electronically file it on the System.

a.  The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record.

b.  The filing party shall retain the original document for future production, if necessary, for two years after the expiration of the time for filing a timely appeal of a final judgment or decree, or after receipt by the Clerk of Court of an order terminating the action on appeal.

### 2.  Attorney Signature

A pleading or other document requiring an attorney's signature shall be signed in the following manner, whether filed electronically or submitted on disk to the Clerk's Office: "s/(attorney name)."  The correct format for an attorney signature is as follows:

**s/Judith Attorney**

Judith Attorney Bar Number: 12345
Attorney for (Plaintiff/Defendant)
ABC Law Firm 123 South Street
Charlotte, North Carolina 28202
Telephone: (704) 123-4567
Fax: (704)123-4567
E-mail: judith_attorney@law.com

### 3.  Multiple Attorney Signatures

The following procedure applies when a stipulation or other document requires two or more signatures:

a.  The filing attorney shall confirm (1) that the content of the document is acceptable to all persons required to sign the document and (ii) that all such persons have given their explicit consent for the filing attorney to affix their respective signatures as an "s/(attorney name)" and to submit the document electronically.

b.   The filing attorney then shall file the document electronically, indicating the signatories, e.g., "s/Jane Doe," "s/John Smith," etc.  A signature block shall be included for each signatory.

c.   The filing attorney shall retain any record evidencing the assent of the non-filing signatories for future production, if necessary, for two years after the expiration of the time for filing, a timely appeal of a final judgment or decree, or after receipt by the Clerk of Court of an order terminating the action on appeal.

### 4.   Non-Attorney Signatures on Documents in Criminal Cases

a.   Documents requiring the signatures of a criminal defendant, e.g. waiver of arraignment, the filer shall scan the original document in PDF format, then electronically file it on the System. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record.  Filer is required to maintain original for future production, if necessary, for two years after the expiration of the time for filing a timely appeal.

b.   Documents requiring the signature of an officer of the U.S. Probation Office shall be signed in the same manner and format as established for attorney signatures and set forth in IL(C)(2) of this order: "s/(U.S. Probation Officer name)." The filing officer shall electronically convert the original document in PDF format, then electronically file it on the System.  The electronically filed document as it is maintained on the Court's servers shall constitute the official version of that record.

c.   Other documents filed in criminal cases requiring the signature of a non-attorney filer, not set forth in sections 4(a) and (b) above, i.e. a third-party custodian, a United States Marshal, or some other federal officer or agent shall be filed conventionally, i.e. in paper form.

Upon receipt of such document, the Clerk's Office will scan the paper document and upload it to the System.  The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record.

d.   Documents containing personal data identifiers and/or confidential information shall be handled in accordance with II(I) of these procedures.

### D. FEES PAYABLE TO THE CLERK

Any fee required for filing a pleading electronically in District Court is payable to the Clerk of the Court by credit card. The docket will reflect receipt of fees. The court will not maintain electronic billing or debit accounts for lawyers or law firms.

### E. ORDERS

1.  The Clerk's Office shall electronically file all signed orders. Any order signed electronically has the same force and effect as if the judge had affixed the judge's signature and seal to a paper copy of the order and it had been entered on the docket conventionally. A document shall not be considered entered on the docket for purposes of the Federal Rules of Civil Procedure until the System generates a Notice of Electronic Filing.

2.  All proposed orders should be submitted to the Court in RTF or WordPerfect format via CyberClerk with the exception regarding consent orders and consent judgment of forfeitures which include a defendant's signature set forth in Paragraph (a)(1) and (2) below. A copy of the proposed document may also be attached to a referenced motion in PDF format and properly identified.

    A.  Consent Orders/Judgment of Forfeiture which include the signature of a criminal defendant, shall be submitted to the court conventionally, i.e., in paper form which will be forwarded to the Court for consideration.

        1.  Upon receipt of such executed order, the Clerk's Office will scan the paper document and upload it to the System. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record. The original document will be returned to the United States Attorney's Office.

        2.  The United States Attorney shall retain the original document for future production, if necessary, for two years after the expiration of the time for filing a timely appeal of the final judgment or order, or after receipt by the Clerk of Court of an order terminating the action on appeal.

        3.  If a judge during a hearing enters an oral order, a text-only entry will be made upon the docket. In such case, no PDF document will issue; the text-only entry shall constitute the Court's only order on the matter. The

Systems will generate a "Notice of Electronic Filing" as described in II(B)(1) of these procedures.

4. The judge or the Clerk's Office, if appropriate, may enter routine orders by a text-only entry upon the docket. In such cases, no PDF document will issue; the text-only entry shall constitute the Court's only order on the matter. The System will generate a "Notice of Electronic Filing" as described in II(B)(1) of these procedures.

## F. TITLE OF DOCKET ENTRIES

The party electronically filing a pleading or other document shall be responsible for designating a docket entry title for the document by using one of the docket event categories prescribed by the Court.

## G. CORRECTING DOCKET ENTRIES

1. Once a document is submitted and becomes part of the case docket, corrections to the docket are made only by the Clerk's Office. The System will not permit the filing party to make changes to the document(s) or docket entry filed in error once the transaction has been accepted.

2. A document incorrectly filed in a case may be the result of posting the wrong PDF file to a docket entry, selecting the wrong document type from the menu, or entering the wrong case number and not catching the error before the transaction is completed. ***The filing party should not attempt to re-file the document.***

3. As soon as possible after an error is discovered, the filing party should contact the Clerk's Office with the case number and document number for which the correction is being requested. If appropriate, the Court will make an entry indicating that the document was filed in error. The filing party will be advised ***if*** the document needs to be re-filed or if the document can be replaced by the Clerk's staff. In the event a document is replaced, a new NEF will be regenerated to the parties of record.

## H. TECHNICAL FAILURES

The Clerk's Office shall deem the Western District of North Carolina CM/ECF site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 10:00 a.m. Eastern Time that day. Known system outages will be posted on the website if possible.

1.  If the Court's CM/ECF site experiences a technical failure, a filing party may submit documents to the Court that day in an alternate manner. The following method are acceptable alternate means for filing documents in the case of a technical failure:

    ***in person*** - by bringing to the Clerk's Office the documents in paper form or on a compact disk which contains the documents in PDF format

2.  Problems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing. A filer who cannot file a document electronically because of a problem on the filer's end may submit documents to the Court that day in an alternate manner provided that the documents are accompanied by the filing party's affidavit explaining the reason for not filing the documents electronically. The following methods are acceptable alternate means for filing documents in the case of a problem on the filer's end:

    a.  ***in person*** - by bringing the documents to the Clerk's Office in paper form or on a compact disk which contains the document in PDF format. The s/ standard will not apply since document will be filed by Clerk's staff.

    b.  ***via fax*** - if by fax, the document must contain scanned signature of filing attorney. The s/ standard will not apply since document will be filed by Clerk's staff.

3.  A filing party whose filing is made untimely as a result of a technical failure of the Court's CM/ECF site may seek appropriate relief from the Court. Filing parties are cautioned that, in some circumstances, the Court lacks the authority to grant an extension of time (e.g., Rule 6(b) of the Federal Rules of Appellate Procedure.)

## I. PRIVACY

### 1. Redacted documents

To comply with the policy of the Judicial Conference of the United States and the **E-Government Act of 2002, Pub. L. No. 107347**, and in order to promote electronic access to case file while also protecting personal privacy and other legitimate interests, filing parties shall omit or, where inclusion is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the judge orders otherwise:

a.    Minors' names: use the initial of minors;

b.    Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;

c.    Social Security numbers: use only the last four numbers;

d.    Dates of birth: use only the year;

e.    Home address: disclose only the city and state; and

f.    Other data as permitted by order of the Court.

**2.    Other redactions**

a.    Personal identifying numbers, such as a driver's license number;

b.    Medical records, treatment and diagnosis;

c.    Employment history;

d.    Individual financial information; and

e.    Proprietary or trade secret information.

**3.    Reference lists**

a.    A reference list shall contain the complete personal data identifier or identifiers and the corresponding redacted identifier or identifiers used in the redacted document. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete identifier.

    b.      The reference list must be electronically-filed under seal and may be amended as of right. (Section II.A.11)

    c.      The reference list shall be retained by the Court as part of the record but will not be available for public access.

**4.    Responsibility for redaction**

The responsibility for redacting personal data identifiers rests solely with the counsel and the parties. The Clerk's Office will not review documents for compliance with this rule, seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper.

## III. CONVENTIONAL FILING OF DOCUMENTS

The following procedures govern documents filed conventionally. The Court, upon application, may also authorize conventional filing of other documents otherwise subject to these procedures. The Clerk's staff will attempt to scan and upload conventionally-filed documents if possible. The electronically filed document as it is maintained on the Court's servers shall constitute the official version of that record.

### A. PRO SE PARTIES

Parties proceeding pro se shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents which must be signed or which require either verification or an unsworn declaration under any rule or statute. The Clerk's Office will scan these original documents into an electronic file in the System. The electronically-filed document as it is maintained on the Court's servers shall constitute the official version of that record.

### B. DOCUMENTS FOR WHICH ELECTRONIC FILING IS IMPRACTICAL

A party shall conventionally submit paper originals of documents which are not available in electronic form or for which electronic imaging, i.e., "scanning," is impractical. Examples include, but are not limited to, state court records, maps and other non-document type exhibits.

### C. TRANSCRIPTS OF PROCEEDINGS

Transcripts of proceedings before the U.S. District Judges and Magistrate Judges in the U.S. District Court for the Western District of North Carolina taken by Official Court Reporters and Contract Court Reporters will be filed with the Court in electronic format. Electronic transcripts will be e-filed

and available for viewing at the Clerk's Office public terminal, but may **NOT** be copied or reproduced by the Clerk's Office for a period of 90 days. If there are no redactions to be made, the restrictions will be removed after the 90-day period. The transcript will then be available remotely to view, download or print a copy from PACER at $.08 cents per page or from the Clerk's Office public terminal at a rate of $.10 per page. During the initial 90 days after the transcript is e-filed, individuals wishing to purchase a copy of a transcript in either paper or electronic form - must do so through the Court Reporter. Once an attorney on the case has purchased a transcript, that attorney will be given access to the transcript through the court's ECF system. This will apply to all transcripts of proceedings or parts of proceedings filed on or after April 1, 2008, regardless of when the proceeding occurred.

Whenever an official transcript of a proceeding has been filed by the Court Reporter, the docket event will include the notice of filing of the official transcript and will be served on all parties in the case. **The responsibility for redacting personal identifiers rests solely with counsel and the parties. The Clerk and court reporter will NOT review each transcript for compliance with this rule**.

If redaction is requested, within 21 calendar days from the e-filing of the transcript with the Clerk, the parties must e-file with the Court a *Redaction Request Re Transcript* indicating where the personal identifiers appear in the transcript by page and line and how they are to be redacted. Access to this statement will be restricted to the Court and the attorneys of record in the case. For example, if a party wanted to redact the Social Security number 12345-6789 appearing on page 12, line 9 of the transcript, the Redaction *Request Re Transcript* would read: "Redact the Social Security number on page 12, line 9 to read xxx-xx-6789." A party is only responsible for reviewing and indicating the redactions in the testimony of the witnesses it called and its own statements (e.g. opening statements and closing arguments), statements of the party, and any transcript of the sentencing proceeding. Transcripts of *voir dire* will be filed separately from other parts of the trial transcript with electronic access given to the case participants who purchase the transcript within the 90-day restriction period. After the 90-day restriction period expires, electronic access to the *voir dire* transcripts will be available to all case participants and at the public terminals located in the Clerk's Office.

Only the following personal identifiers listed by the Judicial Conference in its policy on the Electronic Availability of Transcripts may be redacted using a Redaction Request Re Transcript:

• Social Security numbers (or taxpayer identification numbers) to the last four digits

- Financial account numbers: use only the last four numbers of the account number

- Dates of birth

- Individuals known to be minor children to the initials

- In criminal cases, any home addresses stated in court to the city and state

If a party wants to redact other information, that party must move the Court for further redaction by separate motion served on all parties and the court reporter within the 21-day period. The transcript will not be electronically available until the Court has ruled on any such motion even though the 90day restriction period may have ended. The court reporter must, within 31 calendar days of the delivery of the transcript to the Clerk of Court, or longer by order of the Court, perform the requested redactions and file a redacted version of the transcript with the Clerk of Court.

After the 90-day period, the restriction on any transcript originally filed with the Clerk of Court will be lifted and the transcript will be available electronically UNLESS there has been a request for redaction, in which case the redacted transcript will be made available electronically and the original will remain restricted but still viewable by the public at the public terminal in a clerk's office. Transcripts can only be sealed pursuant to court order.

Transcripts filed prior to April 1, 2008, will not be available for viewing electronically.

## IV. EXHIBITS

### A. EXHIBIT INDEX WITH DOCUMENTS BEING FILED IN CM/ECF

A party electronically submitting more than one exhibit to the Clerk's Office shall also include a separate index listing each exhibit then being filed and identifying the motion to which the index and the exhibits relate.

### B. EXHIBIT LISTS FOR COURT HEARINGS AND/OR TRIALS

1. Exhibit lists shall be electronically filed in the System prior to the scheduled court proceedings.

2.    The exhibit list should be formatted as follows unless otherwise directed in the Pre-Trial Order and Case Management Plan.

- Exhibits shall be identified and numbered separately. Exhibit numbers should not be preceded by any alphabetical characters.

- Exhibits shall be listed numerically by exhibit number.

- A brief description shall be provided for each exhibit.

- Provide stipulation of authenticity.

- Provide stipulation of admissibility.

- Provide basis for any objections.

- Include a column heading for "Identified by."

- Include a column heading for "Admitted."

## C.    COURTROOM TECHNOLOGY AND THE JURY EVIDENCE RECORDING SYSTEM (JERS)

Parties are expected to use the presentation technology available in the courtroom to display evidence to the jury. Please refer to the following link for pertinent information regarding technology training, formatting and submission of exhibits, exhibit submission deadlines, and restricted access for exhibits imported into the System. www.ncwd.uscourts.gov/courtroom-technology

## D.    CONVENTIONAL FILING OF EXHIBITS

A party may conventionally submit exhibits which are not available in electronic form at the discretion of the Clerk.

## E.    SIZE OF EXHIBITS

Whenever possible a filing party should electronically image, i.e. "Scan" a paper exhibit that is less than five megabytes and submit the exhibit as a PDF file. Because PDF files containing scanned documents take up considerably more space on the System than PDF files containing electronically-generated documents, filing parties may submit PDF files containing scanned documents of more than five megabytes only if they are filed in separate five megabyte segments.

### F.    EXHIBITS IN COLOR OR WITH GRAPHICS

Because documents scanned in color or containing graphic take much longer to upload, filing parties must configure their scanners to scan documents at 200 dpi and in black and white rather than in color. Documents appearing in color in their original form such as color photographs, may be scanned in color and then uploaded to the System.

### G.    EXHIBITS CONTAINING AUDIO RECORDINGS

Using an option available in Adobe, audio recordings can be attached to a PDF and uploaded to the system; however, the size must be under 50 MB. Another option is to make the recording available to the court and other parties by serving a CD containing the recording on all parties with a "courtesy copy" for the judge. The original would then be maintained in the custody of the filer to be produced to the court upon request. The Clerk will not accept the original for filing in the form of a CD.

### H.    VERIFICATION OF EXHIBITS

The filing party is required to verify the readability of scanned documents before filing them electronically with the Court.

### I. CONVENTIONAL SUBMISSION OF EXHIBITS

Exhibits submitted conventionally shall be served on other parties as if not subject to these procedures.

### V.    PUBLIC ACCESS TO THE SYSTEM DOCKET

### A.    PUBLIC ACCESS TO THE COURT

Electronic access to the electronic docket and documents filed in the System is available for viewing to the public at no charge at the Clerk's Office during regular business hours. A copy fee for an electronic reproduction is required in accordance with 28 U.S.C. Section 1914.

### B.    INTERNET ACCESS

Remote electronic access to the System for viewing purposes is limited to subscribers to the Public Access to Court Electronic Records (PACER) system. The Judicial Conference of the United States has ruled that a user fee will be charged for remotely accessing certain detailed case information,

such as filed documents and docket sheets in cases, but excluding review of calendars and similar general information.

## C.    CONVENTIONAL COPIES AND CERTIFIED COPIES

Conventional copies and certified copies of electronically-filed documents may be purchased at the Clerk's Office.  The fee for copying and certifying will be in accordance with 28 U.S.C. Section 1914.

## VI.    SOCIAL SECURITY AND ERISA ACTIONS

### A.    NEED FOR PROTECTIVE GUIDELINES

In light of the E-Government Act and the Privacy Act, and the requirements of Case Management/Electronic Case Files initiative of the Administrative Office of the United States Courts, and to further the congressionally mandated goals of increased efficiency in the administration of justice while preserving personal, financial, and medical privacy of litigants, the court finds it necessary and appropriate to prevent inappropriate access to Social Security and ERISA actions.

Extensive administrative records are filed in conjunction with appeals in Social Security matters under Title 42, Section 405 of the United States Code, and civil actions under the Employee Retirement Income Security Act (ERISA), title 29 Section 1109 of United States Code.

Further, such records contain highly sensitive personal, financial, and medical information of private citizens which, in other contexts, would be subject to redaction.  For example, such information includes Social Security numbers, home addresses, personal telephone numbers, account numbers, and other information that has the potential to be exploited unlawfully.

The Court has carefully considered and balanced the public's right to access documents filed with the Court and the privacy interest of litigants, and determined that this protective section coupled with a method for legitimate public access by way of motion and judicial review, is the least restrictive means to protect individual rights to privacy as provided in various statutes. Specifically, the Court has determined that redaction in such cases is impractical and would render the record unusable for purposes of judicial review and that a blanket "Seal" would be overly protective and could intrude upon legitimate access.  These protective guidelines, on the other hand, protect litigants' personal information and provides those who may have a legitimate need to review such materials an avenue for disclosure.

### B.    FILING

The administrative record and/or administrative transcript shall be electronically filed in Social Security and Employee Retirement Income Security Act cases as follows:

1.  The above-described records shall be appropriately marked by the submitting party by placing on the front page or cover of any such submission the words "Confidential, Subject to Section VI of Administrative Procedures Governing Filing and Service by Electronic Procedures by Electronic Means.

2.  After filing, and absent direction from a judge of the Court, the clerk of this court shall not be required to disclose, copy, scan, publish, or in any manner provide to any person such above-described electronic documents, except to:

    •   a party of record

    •   an attorney for a party of record

    •   an authorized employee of an attorney of record, or

    •   an employee of the United States Courts.

    Routine documents such as the complaint, answer and dispositive cross-motions or petitions for review are not part of the administrative record or transcript and are available for public viewing electronically.

    Note: Social Security case electronically-filed documents are restricted to be available to case participants only electronically and to the public only at the public terminals located in the Clerk's Office.

3.  A non-party may seek disclosure of any such protected documents through the filing of a motion in the case, properly served on all parties of record in accordance with Rule 5, Federal Rules of Civil Procedure, showing therein the non-party's particularized and legitimate need for such disclosure.

4.  If disclosure is allowed to a non-party under paragraph three, such person will be required as a condition of precedent to such disclosure, to sign and return to the Clerk a confidentiality agreement bearing the caption of this case and stating in substantially the following form:

> The undersigned has read and understands the Standing Protective Order under Rule 26 for the protection of confidential information

entered in this case and agrees (1) that he/she shall fully abide by the restrictions on disclosure or use said information or discuss it with any person not authorized to receive the same or not specifically allowed by an Order of this Court; (3) that he/she shall not use said confidential information for any purpose other than for the purposes of this litigation or for some other purpose as may be provided by the Order of this Court; and (4) that he/she hereby submits himself/herself to the jurisdiction of this Court to enforce this agreement.

**Signed:**             *Name of Recipient*

5.      These restrictions shall not terminate with the litigation, but shall continue until further order of the Court; provided however, that these protective guidelines shall not have any retroactive force and effect, shall not be construed as providing any person or party with rights other than those provided by statute, shall not be construed to prevent any party or counsel from making use of information which, as evidenced by written records, was lawfully in its possession or later lawfully came into its possession; is or was public knowledge at the time of or prior to disclosure hereunder; or becomes public knowledge through no fault of receiving counsel or the public knowledge through no fault of receiving counsel or the receiving persons during the course of the litigation.

6.      Nothing herein shall be construed as to prevent parties to such Social Security or ERISA actions from arguing, citing, excerpting, or attaching portions of any such transcript to their pleadings and memoranda.

7.      Nothing herein shall prejudice the right of any party to apply to the Court for relief from the terms of these protective guidelines, upon good cause shown, or to seek an Order to extend, modify, or limit the application of this Order.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**DOCUMENT DISPOSITION PLAN**

Effective January 1, 2010, the disposition of documents conventionally sub-mitted to the Court shall be governed by this Plan which has been established pursuant to the Administrative Procedures of the Court, Judicial Conference Policy adopted under 28 U.S.C. §457 and in accordance with the Federal Records Act 44 U.S.C. chapters 21, 29, 31 and 33.

Effective January 1, 2010, the disposition of documents conventionally submitted to the Court shall be governed by this Plan which has been established pursuant to the Administrative Procedures of the Court, Judicial Conference Policy adopted under 28 U.S.C. §457 and in accordance with the Federal Records Act 44 U.S.C. chapters 21, 29, 31 and 33.

The official court record shall be the electronic file maintained on the court's servers and any documents or exhibits allowed to be filed conventionally and are not available in electronic format.

## I. CHRONOLOGICAL FILES

Chronological files will be created for the retention of conventionally filed documents after the documents are filed and uploaded to the CM-ECF System, hereinafter referred to as the "System".

Each division of the Clerk's office will establish a system of chronological files in the following categories: Civil, Prisoner Pro Se, Criminal, Magistrate, and Miscellaneous. The chronological files will be available to court users only.

Chronological files will be maintained by month in each division for a period of one year. Upon expiration of the one year retention period, the documents will be shredded through the use of a bonded document shredding provider contracted by the Court or by court personnel.

## A. CONVENTIONALLY FILED DOCUMENTS

Documents conventionally submitted for filing with the Clerk will be scanned and uploaded to the System. Scanned documents will be maintained in the chronological files as established by Section I and as otherwise directed by Paragraphs A through F.

## B. CRIMINAL CHARGING DOCUMENTS

### 1. BILLS OF INDICTMENT

The Clerk will scan the Bills of Indictment returned from each grand jury session with the last page redacted to remove the foreperson's signature. The redacted pdf document will be uploaded to the system.

The Clerk's staff will remove the last page containing the foreperson's signature from each original bill returned which will be scanned <span style="color:red">unredacted</span> and attached as a restricted document to the redacted bill of indictment pdf document when uploaded to the System.

Indictment volumes will be established in each divisional office of the Clerk for the retention of the original Bills of Indictment. The indictment volumes will be available only to court users and will be shipped to the Federal Records Center with a 20 year disposal date.

### 2. BILLS OF INFORMATION AND CRIMINAL COMPLAINTS

Bills of Information and criminal complaints will be scanned and uploaded to the System. The originals of each document will be maintained in the divisional office chronological file as established under Section A and retained for a period of one year.

## C. SEARCH/SEIZURE WARRANTS

Original search and seizure warrants shall be returned to the U.S. Attorney at the time of issuance. A copy should be retained to be scanned and uploaded to the System. When the warrants are returned before the Magistrate Judge, the executed warrant will be filed, scanned and uploaded to the System. The document will be maintained in the divisional office chronological file as established under Section A and retained for a period of one year.

## D. SEALED DOCUMENTS

Sealed documents submitted conventionally for filing pursuant to the sealed procedures of this court will be scanned and uploaded to the System. The original document should be clearly marked as SEALED prior to placing the document in the divisional office chronological file as established under Section A and retained for a period of one year.

## E. PRISONER PRO SE DOCUMENTS

Pro Se prisoner documents submitted for filing with the Clerk will be scanned and uploaded to the System for pro se prisoner actions filed pursuant to Title 42 U.S.C. §1983, 28 U.S.C. §2254 and 28 U.S.C. §2255. The scanned documents will be maintained in the chronological file as established for prisoner pro se under Section I for a period of one year.

At the conclusion of the one year retention period, the documents may be provided to the pro se law clerks for future reference or shredded in the manner established in Section I. The Clerk will not retain the documents after the expiration of the one year retention period.

## F. ARCHIVED FILES

Skeleton case dockets should be opened on the System for filing conventionally filed documents in civil cases filed prior to February 1992 and criminal cases filed prior to May 1993. Documents conventionally submitted for filing with the Clerk will be scanned and uploaded to the System. Scanned documents will be maintained in the chronological files as established by Section I and as otherwise directed by Paragraphs A through F.